JOURNAL ENTRY and OPINION
Plaintiff-appellant, Usrah[1] M. Salti, appeals from the trial court's denial of her complaint to quiet title to certain real estate owned by the appellant and located at 12903 St. Clair Avenue in Cleveland and the trial court's entry of judgment in favor of appellees KeyBank National Association, The Cleveland Electric Illuminating Company and Serv-A-Rack, Inc. on their counterclaim for declaratory judgment. As we find the appellant's assignments of error to be meritorious, we reverse the judgment of the trial court.
The essential facts of this case are not disputed and are relevantly straight-forward once you get beyond some initial confusion arising out of the similarities of the names of some of the principals.
In case number 345315 the appellees obtained a judgment against three defendants, to wit: Mike Salti, Yusrah M. Salti and F M Management Company. Each of these three defendants was listed on the complaint as residing and/or located at 28080 Bassett Road in Westlake, Ohio.[2]
Mike Salti and Yusrah Salti were and presumably still are, husband and wife and the couple did in fact reside at 28080 Bassett Road for a significant number of years during the late 1980s and early to mid-1990s.[3]
The legal name of the appellant in this case is Usrah M. Salti. She is not the same person as Yusrah M. Salti, against whom a judgment was obtained in case number 345315. The appellant herein has never resided at the Bassett Road address listed on the caption of the complaint in case number 345315. The appellant is the aunt of Mike Salti, Jr., who in turn is married to Yusrah M. Salti.[4]
Sometime during 1999 while attempting to sell the property which she owned on St. Clair Avenue, the appellant discovered that judgment liens had attached to the property arising out of the judgment entered against Yusrah Salti in case number 345315. Yusrah Salti has never had a legal interest in the St. Clair property. The appellant then brought the within action to quiet title to the property and to cause the removal of the judgment liens as she was not a party to case number 345315 and thus could not have had a judgment entered against her. The appellees answered the complaint by stating that the appellant was in fact a defendant in case number 345315 and that the caption inadvertently listed Yusrah, rather than Usrah, Salti as the proper defendant. The appellees further alleged in their counterclaim for declaratory judgment that the appellant was a partner in F M Management Company and was thus personally liable for the judgment that had been rendered against that entity.
After conducting a bench trial on September 27, 2000, the trial court found against the appellant on her application to quiet title and for the appellees on their counterclaim for declaratory judgment. The trial court found in its judgment entry dated October 2, 2000 as follows:
 The court further finds that Plaintiff Usrah M. Salti is a partner in F M Management Company. Therefore she is personally liable for the debts of F M Management Company pursuant to Montgomery v. Whisman, 1992 Ohio App. Lexis 5971 (No. 2017, 4th App. Dist., Scioto Cty.). Any claim that Plaintiff Usrah M. Salti has in funds being held in escrow at FirstStar Bank, N.A. is barred by collateral estoppel in Case No. 345315, Court of Common Pleas, Cuyahoga County, the Court established a valid lien against the assets and property of F M Management Company and Usrah M. Salti on May 8, 1998.
The appellant timely filed the within appeal from the ruling of the trial court on October 19, 2000. The appellant presents a total of two assignments of error for this court's review which, having a common basis in law and fact, will be addressed concurrently. The appellant's two assignments of error state:
 I. THE TRIAL COURT IMPROPERLY APPLIED THE DOCTRINE OF RES JUDICATA TO THE CLAIMS OF THE PLAINTIFF-APPELLANT.
 II. THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
It is clear to this court both that the appellant was not made a party to case number 345315 and that the appellees did not ever attempt to make her a party to that case. The two individual defendants in case number 345315 were Mike Salti and Yusrah Salti, husband and wife who resided at the same address. The complaint alleged that defendant Yusrah M. Salti was the alter ego of defendant Mike Salti.[5] No fraudulent transfer allegation or other reference is made in the text of the complaint in case number 345315 to the St. Clair Avenue property owned by the appellant. As the appellant was not a party to case number 345315, no valid lien against real property which she owned in her individual capacity could have arisen as a result of the trial court's judgment in that earlier case.
The evidence at trial established that the appellees' counsel was aware of the fact that Usrah Salti and Yusrah Salti were not the same person. It is therefore highly unlikely that, but for a typographical error in the caption of case number 345315, the appellant would have been made a party to that case. Further, the evidence demonstrated that appellees' counsel knew the appellant's last two addresses (one on Lake Road in Bay Village, Ohio and one in Cincinnati) and could have easily made her a party to the litigation had that been his intention. In fact, counsel for appellees took the deposition of the appellant sometime around 1996 or 1997 during the discovery phase of unrelated litigation, well before judgment was entered in case number 345315. During the course of this deposition, the appellant provided counsel with both the correct spelling of her proper name and her address in Cincinnati.
It is somewhat absurd to suggest, as do the appellees in their briefs filed with this court, that the appellant was on notice of the pending lawsuit in case number 345315 because the body of the complaint purportedly made references to her involvement with the F M Management Partnership. Where an individual is not named in a complaint and where service is not even attempted, no obligation arises for that person to read the body of the complaint to ascertain whether or not the plaintiff mistakenly failed to name her as a party. It does not appear from the record that the appellant even had notice of the pendency of case number 345315 prior to the court's entry of judgment in that case. Thus, even if the appellant had been so inclined to make herself amenable to suit by the appellees, she did not have opportunity to do so in that case.
The appellees had the duty to name the correct parties in their lawsuit and to perfect service accordingly. Having failed to do so, they should not now be heard to assert that the appellant, not Yusrah M. Salti, was the real defendant in case number 345315. The fact that the appellant was related to the defendants named in case number 345315 is not germane to our analysis and was plainly not sufficient to put the appellant on constructive notice of the pendency of that lawsuit.
Because appellant was not a party to case number 345315 no valid judgment lien could have arisen on the property as a result of the judgment entry entered by the court in that case. Additionally, as there has never been a finding that the appellant entered into a scheme to fraudulently transfer the subject property, the doctrine of res judicata is without application in the instant case. The St. Clair Avenue property in question was at all times relevant to our analysis registered in the name of the appellant, not the F M Partnership. The property had been solely in the name of the appellant since March 20, 1995. There is no evidence in the record tending to indicate that the property was fraudulently transferred to the appellant by Mike Salti, Jr. for the purpose of placing the property beyond the reach of his creditors. Mike Salti, Jr. never owned the St. Clair property in question in his individual capacity either in whole or in part.
Thus, for all of the foregoing reasons, the appellant's assignments of error are well taken. This case is remanded to the trial court so that the court may enter judgment for the appellant on her application to quiet title to the property located at 12903 St. Clair Avenue, as well as on each count of the appellees' counterclaim for declaratory judgment.
This cause is reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The complaint in the instant case spells the appellant's first name as Usrah as does the appellant's brief filed with this court. The notice of appeal spells the appellant's first name as Ushra. It appears from the entirety of the record that the proper spelling of the appellant's first name is Usrah and that the appellate counsel, who did not represent the appellant at trial, inadvertently misspelled her name on the notice of appeal.
[2] At trial, and in their briefs filed with this court, the parties sometime refer to this Bassett Road address as being located in Bay Village, Ohio. In fact, the address is actually located in Westlake, Ohio which fact was properly reflected in the caption of the complaint in case number 345315. This seemingly inconsequential fact takes on increased importance when viewed in context of appellees' claim that their confusion as to the identity of the proper party was caused in part by the fact that both Usrah Salti and Yusrah Salti resided in the same community.
[3] It is not clear from the record exactly when the Saltis moved out of the house at Bassett Road or when the title of the property was transferred to another owner, although it appears as if the couple has been living in the country of Jordan for at least the last several years. Case number 345315 was filed on December 16, 1997.
[4] Appellant Usrah M. Salti is married to a Mohammed Faraj Salti, who oftentimes goes by the name Mike Salti, Sr. Yusrah Salti's husband is known as, and apparently has legally changed his name to, Mike Salti, Jr., although he is the nephew, not the son, of Mike Salti, Sr.
[5] We are aware of no precedent which permits a trial court to enter a judgment that one individual is the alter ego of another individual, and that thus, any and all assets of the first individual should be declared to be the assets of the second individual. Yet, this is exactly what occurred in case number 345315. The legal effect of the court's default judgment is not currently before this court as none of the defendants in case number 345315 are parties to the instant litigation and there was apparently no direct appeal of the trial court's judgment entry in that case. The Ohio Uniform Fraudulent Transfer Act, R.C. 1336.01, et seq., contains the appropriate remedies available to a creditor seeking to set aside an allegedly fraudulent transfer of real property or other assets. See, also, Belvedere Condominium Unit Owners' Ass'n. v. R.E. Roark Co., Inc. (1993), 67 Ohio St.3d 274, 275, 617 N.E.2d 1075, 1077 for an overview of the elements of an alter ego claim.